Filed 4/23/15  Tirbelsky v. U.S. Bank National Assn. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BOAZ TRIBELSKY, | B257705 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC528864) |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Mitchell L. Beckloff, Judge.  Affirmed.

Bergman & Gutierrez, Penelope P. Bergman, Deborah P. Gutierrez, Amanda L. Gray for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton, Jonah S. Van Zandt, Michael G. Cross for Defendant and Respondent.

_____

In 2006, Boaz Tribelsky financed the purchase of his residence by executing a promissory note payable to Wells Fargo Bank, secured by a deed of trust on the property. In 2012, Wells Fargo assigned the deed of trust to U.S. Bank National Association, the trustee of a Delaware prime mortgage trust established for the purpose of pooling residential mortgage loans into a security. Tribelsky defaulted on his payments and, in September 2013, Wells Fargo designated NBS Default Services to initiate a nonjudicial foreclosure sale.

On November 26, 2013, Tribelsky filed a lawsuit against U.S. Bank, seeking: (1) a declaratory judgment that U.S. Bank lacked standing to foreclose; (2) cancellation of the assignment of the deed of trust to U.S. Bank; (3) rescission of a notice of default recorded against the property; and (4) injunctive relief. The superior court sustained U.S. Bank's demurrer without leave to amend on the grounds that Tribelsky lacked standing to challenge whether the foreclosing entity was authorized to foreclose.

We affirm.

## BACKGROUND

On August 3, 2006, Tribelsky executed a $563,000 promissory note in favor of Wells Fargo Bank to purchase a property located at 724 N. Genesee Avenue in Los Angeles. He secured the note with a deed of trust in favor of the bank. Wells Fargo recorded the deed of trust on August 10, 2006. The note provided that Tribelsky "irrevocably grants" Wells Fargo, or any subsequent purchaser of the note, the power to sell the property in the event of an uncured default.

On March 19, 2012, Wells Fargo securitized the deed of trust by assigning it to U.S. Bank, the trustee of Prime Mortgage Trust, an investment trust formed by Structured Asset Mortgage Investments II Inc. on November 1, 2006. The terms of the pooling and servicing agreement (PSA) provided that Structured Asset would become the beneficiary of all deeds of trust conveyed into the trust on or before November 30, 2006, the trust's closing date. The PSA also provided that its terms were to be construed in accordance with New York law.

2

Tribelsky defaulted on loan payments in November 2012. On September 17, 2013, Wells Fargo, as mortgage servicer, declared that more than 30 days had passed since Tribelsky had been notified of the default and was given an opportunity to cure to avoid foreclosure. On September 27, 2013, U.S. Bank substituted NBS Default Services as trustee. NBS Default Services recorded a notice of default on October 7, 2013, and initiated a nonjudicial foreclose sale of the property.

On November 26, 2013, Tribelsky filed a complaint against U.S. Bank, seeking: (1) a declaratory judgment that U.S. Bank owned no interest in the loan or property because the deed of trust was transferred into the trust pool too late; (2) cancellation of the assignment of the deed of trust to U.S. Bank; (3) rescission of the notice of default recorded against the property; and (4) an injunction prohibiting U.S. Bank from foreclosing on the property in the future. U.S. Bank demurred, arguing Tribelsky lacked standing to enforce the PSA and there was no actual controversy entitling him to declaratory relief.

On June 16, 2014, the superior court sustained U.S. Bank's demurrer without leave to amend. Tribelsky appealed from the resulting judgment.

**DISCUSSION**

We review de novo a court's dismissal without leave to amend following an order sustaining a demurrer. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153.) We review the complaint as a whole and its parts in context, treating the demurrer as admitting all material facts properly pleaded but not "contentions, deductions or conclusions of facts or law." (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 506.) We also consider matters that may be judicially noticed. (*Ibid.*) If we conclude that the complaint fails on any grounds stated in the demurer, we must then determine whether there is a reasonable possibility the plaintiff may cure the defect with an amendment. (*Ibid.*) If we determine that there is a reasonable possibility, the trial court has abused its discretion and we reverse the judgment. (*Ibid.*) If there is no reasonable possibility the plaintiff may cure the defect in the complaint, there is no abuse of discretion and we affirm. (*Id.* at p. 507.) The burden

3

of proving such reasonable possibility is squarely on the plaintiff.  (*Ibid.*)  Absent a request by the plaintiff for leave to amend, as in the present case, an abuse of discretion can be found "only if a potentially effective amendment were both apparent and consistent with the plaintiff's theory of the case."  (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1501.)

Tribelsky contends the assignment of the deed of trust and the underlying promissory note to U.S. Bank, and their subsequent conveyance into the mortgage trust, are void because they occurred after the mortgage trust's closing date.  We disagree.

Civil Code sections 2924 through 2924k set forth a comprehensive statutory scheme regulating nonjudicial foreclosure under a power of sale clause contained in a deed of trust.  (*Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th at p. 1154.)  A power of sale clause allows the "trustee, mortgagee, or beneficiary, or any of their authorized agents" to initiate a nonjudicial foreclosure if a debtor defaults on the underlying note.  (Civ. Code, § 2924, subd. (a)(1).)  A defaulting debtor has the opportunity to cure the default by either bringing the loan payments up to date or paying the total outstanding loan amount.  (Civ. Code, § 2924c, subd. (a)(1).)  A debtor may pursue a judicial action in the event of misconduct in a nonjudicial foreclosure sale so long as the claim for misconduct is "not inconsistent with the policies behind the statutes."  (*Jenkins v. JPMorgan Chase Bank, N.A.*, *supra*, 216 Cal.App.4th at p. 510.)  The underlying purposes of this statutory scheme are:  (1) to provide a creditor with a "quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser." (*Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th at p. 1154.)  An attempt to interject the courts into a nonjudicial foreclosure process is neither expressly permitted nor contemplated under the statutory provisions.  (*Ibid.*)

In *Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th 1149, a home purchaser, Jose Gomes, obtained a loan in 2004 from KB Home Mortgage and, in return, executed a promissory note secured by a deed of trust in favor of KB Home Mortgage, as

4

the lender, and Mortgage Electronic Registration Systems (MERS) as the beneficiary and nominee for the lender. (*Id.* at p. 1151.) MERS is a private entity that tracks transfers of ownership interests nationally without the need to record the transactions in the public records. (*Ibid.*) Gomes defaulted on his loan, and an agent of MERS recorded a notice of default on the property and initiated the nonjudicial foreclosure process. (*Ibid.*) Gomes filed a lawsuit challenging the foreclosure and seeking a declaration that the foreclosing entity was not authorized to foreclose because it owned no beneficial interest in the loan. (*Id.* at p. 1152.) The trial court sustained the defendants' demurrer, and Division One of the Fourth Appellate District affirmed. (*Id.* at p. 1150.) The appellate court concluded that Gomes's request for declaratory relief had no legal basis because the nonjudicial foreclosure statutory scheme does not provide for a judicial action to determine whether the foreclosing party was authorized to initiate foreclosure. (*Id.* at pp. 1155-1156.)

In *Jenkins v. JP Morgan Chase Bank, N.A.*, *supra*, 216 Cal.App.4th 497, a home purchaser, Diane Jenkins, obtained a loan in 2007 and in return executed a promissory note, secured by a deed of trust in favor of the lender, Washington Mutual Bank. (*Id.* at p. 504.) In 2008, Washington Mutual collapsed and was placed into the receivership of the Federal Deposit Insurance Corporation (FDIC). (*Ibid.*) The FDIC assigned Washington Mutual's loan portfolio to Chase Bank. (*Ibid.*) Jenkins defaulted on her loan in April 2010, and then filed a lawsuit to avoid a bank-initiated nonjudicial foreclosure, claiming the bank lacked standing to foreclose because her loan had been placed into a mortgage trust pool without proper compliance with the trust's PSA. (*Id.* at pp. 504-505.) The trial court sustained Chase's demurrer, and Division Three of the Fourth Appellate District affirmed. (*Id.* at p. 503.) The appellate court held that the statutory scheme governing nonjudicial foreclosure is intended to be comprehensive and does not require the foreclosing party to prove it holds a beneficial interest in the promissory note or deed of trust. (*Id.* at p. 513.) The court held Jenkins lacked standing to challenge compliance with the assignment because she was not a party to it. (*Ibid.*)

Tribelsky similarly lacks standing to challenge the securitization of his deed of trust. In a real estate lending transaction, a debtor's rights and duties are set forth in the

secured promissory note executed in favor of a creditor. Should the creditor assign the note to another, the debtor's obligations under the note remain unchanged—the debtor becomes neither a party to the assignment nor a third party beneficiary with standing to challenge the validity of it. A creditor's nonjudicial foreclosure is governed by the statutory scheme delineated in Civil Code sections 2924 through 2924k, which limits the courts' role to situations of alleged misconduct by the foreclosing party. In imposing such a limitation, the Legislature intended to provide an injured creditor with an expedited and cost-effective process to recover the loss resulting from a debtor's failure to meet obligations under a promissory note. Nowhere does the statute provide grounds for a defaulting debtor to require a creditor to submit proof of an ownership interest prior to initiating the nonjudicial foreclosure process.

Tribelsky was permitted by the nonjudicial foreclosure statutory scheme to avoid foreclosure only by bringing his payments up to date, not by obligating the foreclosing creditor to prove chain of title. He does not dispute he is in default on the note. Whether the proper foreclosing party would be U.S. Bank or another would therefore not matter to him because his obligations and rights remain unchanged no matter what financial institution owns his note and trust deed. We therefore conclude Tribelsky lacks standing to challenge whether the deed of trust was properly transferred to U.S. Bank.

Relying on *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, Tribelsky argues the conveyance of his deed of trust into Prime Mortgage Trust, which occurred after the trust's closing date, was void under New York law because it contravened the terms of the PSA governing the trust.

In *Glaski v. Bank of America*, *supra*, 218 Cal.App.4th 1079, the Fifth Appellate District held that a defaulting borrower has standing to sue for wrongful foreclosure on the ground that a post-closing date assignment into a mortgage investment trust was void. (*Id*. at pp. 1096-1097.) But we recently declined to follow *Glaski* in *Yvanova v. New Century Mortgage Corp.* (2014) 226 Cal.App.4th 495, review granted August 27, 2014, S218973, and again decline to do so here. *Glaski*'s holding is a clear minority and is inconsistent with the statutory scheme governing nonjudicial foreclosure proceedings.

6

No California court has followed *Glaski*'s departure from that scheme and several courts have criticized its reasoning, including a recent decision by Division Six of this court, *Boyce v. T.D. Service Co.* (Mar. 23, 2015, B255958) __ Cal.App.4th __ [2015 Cal.App. Lexis 254].

Tribelsky does not dispute the existence, validity or assignability of either the promissory note or deed of trust or challenge the power of sale clause in the deed of trust. His obligation to make payments on the note pursuant to its terms did not change following Wells Fargo's assignment of the note to U.S. Bank. Whether U.S. Bank acquired any valid secured interest in the property is a matter that only the creditors themselves have standing to dispute, as Tribelsky is neither a party nor third party beneficiary to the assignment. We therefore conclude no actual controversy exists between Tribelsky and U.S. Bank.

Tribelsky did not request a leave to amend or state new facts to the trial court to demonstrate he can successfully amend the complaint, and no potentially effective amendment is apparent from the record. The trial court therefore properly denied leave to amend.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.                    BENDIX, J.[*]

_____

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.